UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| GLOBE LIFE AND ACCIDENT INSURANCE COMPANY | Case No. 2:19-cv-00128-MMD-GWF |
| Plaintiff, | **ORDER** |
| v. | |
| JOHN C. BASIL, *et al.*, | |
| Defendants. | |

This matter is before the Court on Plaintiff's Motion to Extend Time (ECF No. 5), filed on April 17, 2019. Also before the Court is Plaintiff's Motion to Serve John C. Basil by Publication (ECF No. 6), filed on April 17, 2019.

Plaintiff requests an additional ninety (90) days to effectuate service on all Defendants. Pursuant to LR IA 6-1, extensions of time may be granted for good cause shown. Further, Rule 4(m) of the Federal Rules of Civil Procedure − which governs the time limit of service − allows the court to grant an extension of time for service if the plaintiff can show good cause for the failure to timely serve a defendant. The Court finds that Plaintiff has provided sufficient good cause to warrant the requested ninety (90) day extension of time to effectuate service and, therefore, grants Plaintiff's request for extension.

Plaintiff further requests permission to serve Defendant Basil by publication pursuant to Rule 4(e) of the Federal Rules of Civil Procedure. Rule 4(e) of the Federal Rules of Civil Procedure provides that the state statutes in which the District Court is held are followed in matters pertaining to service of summons by publication. Rule 4(e)(1)(i) of the Nevada Rules of Civil Procedure states that the court may permit service by publication if, after due diligence shown, the plaintiff is unable to find the defendant(s) within the state, or they are avoiding the service of summons. The plaintiff must prove this to the satisfaction of the court either by affidavit or by a

verified complaint. The Nevada Supreme Court has held that there is no objective, formulaic standard for determining what is, or is not, due diligence. *Abreu v. Gilmer,* 985 P.2d 746, 749 (1999).

Plaintiff represents that it has contacted the Nevada Department of Insurance ("DOI") twice to seek assistance in locating Defendant Basil. Plaintiff has made two separate attempts at two different addresses to effectuate personal service on Defendant Basil. Plaintiff first attempted to serve Defendant at an address for a post office. *See Motion to Serve by Publication* (ECF No. 6), Exhibit B, 5. Plaintiff's second attempt at service was at a residence in which the current resident stated she had no knowledge of the defendant. *Id.* The Court denies Plaintiff's request to serve Defendant Basil by publication because it has not shown that it has reasonably exhausted investigative methods to locate Defendant Basil. Plaintiff may file a renewed motion to serve by publication that provides further description that reasonably shows Plaintiff is unable to locate Defendant Basil or that it has taken other measures to locate Defendant. Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Motion to Extend Time (ECF No. 5) is **granted**. Plaintiff shall have until **July 22, 2019** to effectuate service on all Defendants.

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Serve John C. Basil by Publication (ECF No. 6) is **denied**, without prejudice.

Dated this 26th day of April, 2019.

_____
GEORGE FOLEY, JR.
UNITED STATES MAGISTRATE JUDGE