UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| GLOBE LIFE AND ACCIDENT INSURANCE COMPANY<br><br>v.<br><br>JOHN C. BASIL, *et al.*,<br>                      Plaintiff,<br><br>                      Defendants. | Case No. 2:19-cv-00128-MMD-GWF<br><br>**ORDER** |

This matter is before the Court on Plaintiff's Motion to Serve John C. Basil by Publication (ECF No. 11), filed on July 19, 2019. Also before the Court is Plaintiff's Motion to Extend Time (ECF No. 12), filed on July 19, 2019.

Plaintiff requests an additional ninety (90) days to effectuate service on all Defendant Basil. Pursuant to LR IA 6-1, extensions of time may be granted for good cause shown. Further, Rule 4(m) of the Federal Rules of Civil Procedure – which governs the time limit of service – allows the court to grant an extension of time for service if the plaintiff can show good cause for the failure to timely serve a defendant. The Court finds that Plaintiff has provided sufficient good cause to warrant the requested ninety (90) day extension of time to effectuate service and, therefore, grants Plaintiff's request for extension.

Plaintiff further requests permission to serve Defendant Basil by publication pursuant to Rule 4(e) of the Federal Rules of Civil Procedure. Rule 4(e) of the Federal Rules of Civil Procedure provides that the state statutes in which the District Court is held are followed in matters pertaining to service of summons by publication. Rule 4(e)(1)(i) of the Nevada Rules of Civil Procedure states that the court may permit service by publication if, after due diligence shown, the plaintiff is unable to find the defendant(s) within the state, or they are avoiding the service of summons. The plaintiff must prove this to the satisfaction of the court either by affidavit or by a

1

verified complaint. The Nevada Supreme Court has held that there is no objective, formulaic standard for determining what is, or is not, due diligence. *Abreu v. Gilmer,* 985 P.2d 746, 749 (1999).

Plaintiff represents that it has contacted the Nevada Department of Insurance ("DOI") to seek assistance in locating Defendant Basil. Plaintiff assert that it has demonstrated due diligence by making separate attempts at effectuating personal service on Defendant Basil at six (6) known addresses. Plaintiff conducted proprietary data searches, Westlaw searches, and has attempted to contact Defendant by telephone numbers and email addresses found through such searches. These searches and attempts to contact Defendant have produced no results. As such, Plaintiff has demonstrated due diligence in attempting service on Defendant Basil that would warrant permitting service by publication. Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Motion to Serve John C. Basil by Publication (ECF No. 11) is **granted** as follows:

1. Defendant Basil may be served by Plaintiff through publication of the summons and complaint in this case at least once a week for four (4) consecutive weeks in the Nevada Legal News, which is a newspaper of general circulation published in Las Vegas, Nevada.

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Extend Time (ECF No. 12) is **granted**. Plaintiff shall have until **October 21, 2019** to effectuate service on Defendant Basil

Dated this 26th day of July, 2019.

_____
GEORGE FOLEY, JR.
UNITED STATES MAGISTRATE JUDGE