UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| GLOBE LIFE AND ACCIDENT INSURANCE COMPANY,<br><br>                    Plaintiff,<br>   v.<br>JOHN C. BASIL; TONI PEARSON; EDIC PEARSON; NICHOLAS PEARSON,<br><br>                    Defendants. | Case No. 2:19-cv-00128-ART-EJY<br><br>ORDER |

Pending before the Court are three motions related to the interpleaded funds totaling $39,133.84, which were deposited with Court on November 17, 2021. (ECF No. 32.) The Court grants Plaintiff Globe Life and Accident Insurance Company's (hereinafter "Globe Life") Motion for Default Judgment against Defendants John Basil, Nicholas Pearson, and Eric Pearson (ECF No. 29), who each have been served and failed to appear in this action and denies Globe Life's Motion for Attorney's Fees (ECF No. 31). Accordingly, the funds deposited with the Court in the amount of $39,133.84 and any interest earned shall be released to Defendant Toni Pearson ("Ms. Pearson"), whose Application for Default Judgment is denied as moot. (ECF No. 28.)

I.    **BACKGROUND**

Globe Life initiated this interpleader action to disburse insurance proceeds and protect itself from liability related to competing claims on two life insurance policies issued to Richard Reiner, who died in 2017. Globe Life named and served as defendants four possible beneficiaries: Mr. Reiner's daughter, Ms. Pearson; his

two grandsons, Eric and Nicholas Pearson; and John Basil, who befriended Mr. Reiner in 2014. Only Ms. Pearson has appeared in this action.

Globe Life issued to Mr. Reiner a $25,000 policy (policy number 00K639923) on March 15, 2004, and a $10,000 policy (policy number 007E21906) on January 21, 2015. When he purchased the $25,000 policy in 2004, Mr. Reiner initially listed his spouse as the beneficiary, but later that year changed it to list his daughter Toni Pearson as the primary beneficiary and his grandson Eric Pearson as the contingent beneficiary.

The $10,000 policy was purchased on behalf of Mr. Reiner on January 21, 2015, though possibly without his knowledge. The unsigned policy initially listed no beneficiary, but Globe Life concedes that just one week later, on January 28, 2015, Mr. Reiner telephonically changed the beneficiary to Mr. Basil, whom Mr. Reiner had met in 2014 at a halfway house for "narcotic and alcoholic Christian men." (ECF No. 1 at 3.) The two men became roommates after leaving the halfway house. *Id.* Sometime in 2015 Mr. Reiner was diagnosed with cancer, underwent surgery, recovered in a rehabilitation center, was told he had six months to live, and was discharged so that he could die at the home he shared with Mr. Basil. *Id.*

In September 2016, as Mr. Reiner lay dying, Globe Life changed the beneficiary on the $25,000 policy to Mr. Basil at his request without any documentation verifying that Mr. Basil possessed the requisite authority to make such a change. The Court has reviewed a manual filing in this case, which appears to be a recorded call between Mr. Basil and Globe Life on September 15, 2016. (ECF No. 18.) On the call, Mr. Basil initially disputed credit card payments on the $10,000 policy, represented that he was Mr. Reiner's power of attorney, and claimed to be the policy beneficiary. During the call, Mr. Basil appears to have placed on the phone Mr. Reiner, who had difficulty speaking and stated something to the effect that the Mr. Basil can talk for him about any subject. The

representative from Globe Life then volunteered to Mr. Basil that Mr. Reiner had another life insurance policy for $25,000, provided him with the policy number, and informed him that Mr. Reiner's daughter and her son were the beneficiaries of that policy. Mr. Basil then told the Globe Life representative that Mr. Reiner wanted to change that "right now" and verbally asked Globe Life to change the beneficiary to himself. Globe Life apparently did so without any documentary evidence to support these representations.

After Mr. Reiner died in 2017, his daughter, Ms. Pearson, disputed the change in beneficiary via a written correspondence to Globe Life and initiated a fraud investigation with the Nevada Office of the Attorney General alleging, inter alia, that Mr. Basil unduly influenced her father to become the beneficiary. (ECF No. 1 at 3.) Defendant Basil filed a complaint with the Nevada Division of Insurance claiming he was the rightful beneficiary on the $25,000 policy. (ECF No. 1 at 3.)

Although Globe Life initially sought to rescind the $10,000 policy (ECF No. 1 at 5), it appears to have abandoned any claim related to the $10,000 policy (ECF No. 26 at 5), and now "has no position regarding how the funds are distributed," (ECF No. 30 at 3). Globe Life moved for $12,254 in attorneys' fees (ECF No. 31), which motion Ms. Pearson opposed (ECF No. 34).

## II. DISCUSSION

### A. Globe Life is entitled to default judgments.

The Court grants Globe Life's motion for default judgments against the non-appearing defendants, namely, John Basil, Eric Pearson, and Nicholas Pearson. Though Globe Life earlier obtained clerk defaults against these defendants, it now seeks default judgments from the Court pursuant to Rule 55(b)(2) of the Federal Rules of Civil Procedure. *See* FRCP 55(b)(2) (requiring default judgment by court order for "all other cases" not covered by 55(b)(1), which is limited to a plaintiff's claim for a "sum certain"). At a conference on

September 22, 2021, Globe Life agreed that the deposited funds would be paid to Ms. Pearson once Globe Life obtained default judgments against the non-appearing defendants. (ECF No. 36 at 5.) As the Magistrate Judge explained, "Once Globe Life obtains the default against the other defendants, those being John Basil, Eric Pearson, and Nicholas Pearson, that the money will then be appropriately released to her [Ms. Pearson], but it will require the default judgment[s] to be entered first." *Id.*

Though generally disfavored, default judgment is appropriate against non-appearing defendants in an interpleader action like this one. In deciding whether to grant default judgment, the Court considers a range of factors, including "(1) the possibility of prejudice to the plaintiff, (2) the merits of plaintiff's substantive claim, (3) the sufficiency of the complaint, (4) the sum of money at stake in the action, (5) the possibility of a dispute concerning material facts, (6) whether the default was due to excusable neglect, and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits." *See NewGen, LLC v. Safe Cig, LLC*, 840 F.3d 606, 613–14 (9th Cir. 2016)(citing *Eitel v. McCool*, 782 F.2d 1470, 1471–72 (9th Cir.1986)).

Regarding the first three factors, Globe Life and Ms. Pearson would be prejudiced by the inability to resolve this valid interpleader action. The primary purposes of Globe Life's interpleader action are "(1) to protect [it] from secondary, follow-up actions and (2) to protect the resources of the interpleading party." *See W. Reserve Life Assur. Co. of Ohio v. Canul*, Case No. C11–1751, 2012 WL 844589 at *2 (E.D. Cal. March 12, 2012). *Cf. Aetna Life Ins. Co. v. Bayona*, 223 F.3d 1030, 1034 (9th Cir.2000) ("Interpleader's primary purpose is not to compensate, but rather to protect stakeholders from multiple liability as well as from the expense of multiple litigation."). "A named interpleader defendant who fails to answer the interpleader complaint and assert a claim to the res forfeits any claim of entitlement that might have been

asserted" if service was properly effected upon them. *Standard Ins. V. Asuncion*, 43 F.Supp.3d 1154, 1156 (W.D. Wash. 2014) (quoting *Sun Life Assur. Co. of Canada, (U.S.) v. Conroy*, 431 F.Supp.2d 220, 226 (D.R.I. 2006)), citing inter alia, *Nationwide Mutual Fire Ins. Co. v. Eason*, 736 F.2d 130, 133 n.6 (4th Cir. 1984) ("Clearly, if all but one named interpleader defendant defaulted, the remaining defendant would be entitled to the fund."). There is no dispute that the non-appearing defendants here were properly served (ECF Nos. 17, 22, and 23), and Ms. Pearson is entitled to the insurance proceeds (ECF No. 36 at 5).

Without the entry of default judgments against the non-appearing defendants, the insurance proceeds would sit in the Court's registry, Ms. Pearson would be denied her rightful recovery, and Globe Life would remain potentially liable for claims under the policy. *See W. Conference of Teamsters Pension Plan v. Jennings*, No. C10–3629, 2011 WL 2609858, at *3 (N.D. Cal. June 5, 2011) ("Plaintiff and [answering defendant] would suffer prejudice if the Court does not enter default judgment. . . . Without entry of default judgment, the competing stakeholders' claims cannot be resolved."). Granting default judgment against the non-appearing defendants will protect Globe Life from further liability and resolve Ms. Pearson's entitlement to the funds.

The remaining factors also support a default judgment. The undisputed facts establish that Ms. Pearson is the only rightful claimant. While Mr. Basil earlier claimed to be a beneficiary, he has failed to appear, and the equities strongly disfavor him given that his actions may not have been authorized or fully understood by Mr. Reiner. *See Aetna Life Ins. Co. v. Bayona*, 223 F.3d 1030, 1033–34 (9th Cir. 2000) ("It is generally recognized that interpleader developed in equity and is governed by equitable principles.") (internal quotation marks omitted); *see also Metro. Life Ins. Co. v. Marsh*, 119 F.3d 415, 418 (6th Cir.1997) ("[I]nterpleader is fundamentally equitable in nature."). Finally, the

sum of money is a neutral factor in an interpleader action. *See Jennings*, 2011 WL 2609858 at *3.

Accordingly, the Court will enter default judgments against the three non-appearing defendants and order that the deposited funds in the amount of $39,133.84 and any interest earned be released to Ms. Pearson, whose motion for default judgment is denied as moot. (ECF No. 29.)

### B. Globe Life is not entitled to attorneys' fees.

The Court exercises its discretion to deny Globe Life's Motion for Attorneys' Fees here because the fees requested are substantial relative to the amount of money at issue and Globe Life appears to bear some responsibility for the chain of events that led to this case. "The amount of fees to be awarded in an interpleader action is committed to the sound discretion of the district court." *Trustees of Directors Guild of Am.-Producer Pension Benefits Plans v. Tise*, 234 F.3d 415, 426 (9th Cir.), *opinion amended on denial of reh'g*, 255 F.3d 661 (9th Cir. 2000). "[B]ecause the attorneys' fees are paid from the interpleaded fund itself, there is an important policy interest in seeing that the fee award does not deplete the fund at the expense of the party who is ultimately deemed entitled to it." *Id.*

Globe Life concedes that while this case was "fairly straightforward" as a legal matter, its counsel faced difficulty in locating and serving Mr. Basil. (ECF No. 35 at 3.); (ECF Nos. 17, 22 and 23.) While that may be accurate, Globe Life is not entitled to recover attorneys' fees that it incurred in trying to locate Mr. Basil, whose bona fides as a beneficiary were obviously suspect. The recorded telephone call from 2016 suggests that Globe Life allowed Mr. Basil to list himself as the beneficiary with virtually no questions asked. This case (and the effort to locate Mr. Basil) presumably could have been avoided if Globe Life had been more diligent in ensuring that Mr. Basil was authorized to list himself as the beneficiary on both policies. Ms. Pearson has been diligent, responsive and patient in trying

Case 2:19-cv-00128-ART-EJY   Document 39   Filed 05/12/22   Page 7 of 7

to redress the situation over a period of nearly five years. It would seem unfair to deplete her recovery to pay for Globe Life's efforts to resolve the matter.

### III. CONCLUSION

It is therefore ordered that Globe Life's Motion for Default Judgment (ECF No. 29) is granted.

It is further ordered that Ms. Pearson's Application for Default Judgment (ECF No. 28) is denied as moot.

It is further ordered that Globe Life's Motion for Attorney Fees (ECF No. 31) is denied.

It is further ordered that the full amount of interpleaded funds in the amount of $39,133.84 from Policy Nos. 00K639923 and 007E21906 and any interest earned shall be released to Defendant Toni Pearson.

It is further ordered that Judgment shall be entered in accordance with this Order and that the Clerk of the Court shall close this case.

DATED THIS 12th day of May 2022.

_____
ANNE R. TRAUM
UNITED STATES DISTRICT JUDGE